## SCHALL v STATE ex SCHALL

Ohio Appeals, 2nd Dist, Franklin Co

No 2456.   Decided Nov 5, 1934

Orton A. Reid, Columbus, for plaintiff in error.

Walter S. Page, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

The defendant in his petition in error sets forth various grounds of error. Counsel have favored the court with very exhaustive briefs in which many pertinent authorities are cited and discussed. We shall not attempt to review the authorities in detail but will limit this opinion to a consideration of a few of the authorities so cited.

The sentence of the trial court was based upon the provisions of §12143, GC. This section reads as follows:

"When the contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

Counsel for defendant claims that it would be impossible for defendant to purge himself of contempt under the order as made, for the reason that said order provides that two separate payments, one of twenty dollars and one of ten dollars shall be made on or before June 9, 1934; that the order under which the plaintiff seeks to have the defendant committed was not made until June 11, 1934, and that therefore it would have been impossible for the defendant to have complied with the order of the court. The transcript of the docket and journal entries, together with the file date on the original entry support the contention of defendant. We can understand how this discrepancy may have occurred but we must rely upon the transcript of the docket and journal entries and the original entry filed and approved by the court. This is peculiarly so in a case where imprisonment of the defendant is involved...

In the case of **Helbling v Helbling**, reported in **30th Ohio Appellate Reports**, page 92, the second paragraph of the syllabus is as follows:

"Since neither · §12142, nor §12143, **GC**, provides for imprisoning defendant for thirty days for contempt of court, a judgment of contempt, with sentence of thirty days unless bond was executed, without finding that defendant was guilty of the omission to do an act which he could perform, was erroneous."

It is apparent that the portion of the order made on June 11, 1934, which required the defendant to make the two separate payments on June 9th required the defendant to do an act which he could not perform and therefore was erroneous.

Counsel for defendant also insist that the trial court was without authority to order his commitment to jail in the event he failed to pay the sum of Sixty Dollars attorneys' fees.

The original order of March 21, 1934, shows that the $60.00 was for legal services rendered.

Was the trial court justified in making such an order of commitment?

Counsel for defendant seriously insist that the record shows the defendant is unable to make any or all of . such payments. Upon this subject the trial court found against the defendant and upon a careful reading of the record we would not be prepared 'to say that the finding of the trial court was not supported by the evidence. The trial court saw these witnesses and was in a better position to judge of their credibility than is a reviewing court.

Did the trial court have authority to commit for contempt in the event the defendant failed to pay the amount awarded for attorney fees? This presents an interesting question.

Counsel for defendant also claim that the entry of commitment contains no finding by the trial court of the fact that the defendant was able to pay. We do not think it necessary that such finding be expressly made in the entry.

In the **66th Ohio State Reports, page 566**, in the case of **The State on Complaint of Cook v Cook**, the syllabus is as follows:

(1) In a proceeding in contempt against a party who has refused to comply with a money decree for alimony, it is not essential that the complaint allege that the party is able to pay the money. The decree imports a finding of the court that he is able to pay, and the burden is on him by allegation and proof, to establish his inability.

(2) A final money decree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but is such an order as that, under favor of §5640, R. S., punishment as for a contempt may follow a wilful failure to comply with it."

In the above case the question was raised as to whether an allowance for alimony was not a debt and therefore not subject to imprisonment under the provisions of the constitution.

This same subject is also discussed in considerable detail in the **27th Ohio Appellate Reports, page 290**, (6 Abs 420), in the case of **In Re Frisbie**. The first, second, fifth and sixth paragraphs of the syllabus in this case are as follows:

"(1) A finding for an order with respect to alimony is not a debt within the meaning of §15 of the **Bill of Rights of the Ohio Constitution**, which forbids imprisonment for a debt in civil cases.

(2) As respects contempts, a simple decree as to alimony is prima facie evidence of ability to pay, for it assumes that when the court made the order, it was considered as a portion of property held under coverture and subject to division under specific provisions of statute relating to alimony, and was not an indebtedness.

(5) Under §12143 **GC** which provides that, 'When contempt consists in the omission to do an act which the accused can yet perform, he may be imprisoned · until he performs it,' failure to pay alimony must be wilful in order to authorize imprisonment therefor."

(6) "Alimony is not a debt itself but is an allowance."

The subject is discussed in detail in the opinion of the late Judge Sullivan of the 8th Appellate District. It must be kept in mind that the trial court in this case found against the defendant upon the question of his ability to pay.

In **95 Oh St, page 143**, in the case of **Smedley v State of Ohio et**, the court among other things, say:

"The duty of establishing his inability to comply with the order of the court of insolvency devolved upon plaintiff in error.

The court of insolvency found he was fully able to comply with the order."

In **Ohio Circuit Court Reports, Vol 19, page 658, Lubbering v State of Ohio,** there is reported a decision by the late Judge Swing of the Hamilton County Circuit Court in which the syllabus is as follows:

"The court has power to imprison one who has been ordered to pay alimony in an amount which he could pay, but which he refused to pay; but where there is added to the amount of alimony a fine and the costs of the contempt proceeding, and the defendant is committed until the whole sum is paid, the order of imprisonment is invalid."

It appears from the statement of the case that Lubbering had neglected and refused to comply with the decree of the court when he was ordered to pay to his wife alimony to the amount of $1.50 per week and to her attorney an attorney's fee of $15.00. The court found Lubbering guilty of having failed to pay the alimony to the wife as charged and ordered him to pay at once the amount due the wife, to-wit, the sum of $4.50 and an additional sum of $25.00 to be applied in payment of the expense of the contempt proceedings, and also the costs of the contempt proceedings amounting to $16.41, and in default thereof, ordered him committed to the county jail to be confined until such sums of money were paid. The court say:

"We think the judgment of the court should be set aside. The court had no power to order the accused to be confined in jail until the fine and costs were paid. * * * The only contempt charged against Lubbering which the court found him guilty of was in not paying the $4.50 alimony to the wife and if Lubbering had been ordered imprisoned until he paid this amount we would hold the judgment valid for we are of opinion that the evidence shows he could have paid this amount; but what the court did was to order him committed until he paid $25.00 in the nature of a fine and the costs of the proceeding in contempt. The fine and costs were simply a judgment **for money** and there was no power in the court to imprison as for contempt on a failure to pay.

"The power to imprison as for a contempt on failure to pay alimony, we think, rests on different grounds. Alimony is something more than a debt, and the best interests of society require that decrees of this nature shall have all power the courts can give to their enforcement. It is a protection to the family and the marriage relation which is the foundation of our society. We adhere to the rule made by this court in the case of **Effinger v State of Ohio, 11th Circuit, 389.** Judgment reversed and cause remanded to the Court of Common Pleas to carry this judgment into execution and such further proceedings as are authorized by law."

In the **15th O.C.C. Reports, page 252,** in the case of **Pancost v State ex,** the Circuit Court of the Toledo District in a case involving contempt for failure to comply with an order in reference to the payment of alimony, say:

"Now it will be observed that the order directed him to pay the sum of $495.00 and $18.41 of interest and he was further directed to pay $50.00 as attorney's fees and was directed to pay the costs of the contempt proceedings."

The court then discusses the testimony relating to his ability to pay and on page 253 make the observation:

"In regard to the attorney's fees we are unable to find any authority for the court directing their payment. But whether the court was authorized to do that or not we are clearly of opinion that he had no authority to order this man to be imprisoned at that time for the payment of those attorney's fees nor for the payment of the costs made in the contempt proceedings."

This subject is also discussed in **Ohio Jurisprudence, Vol. 14, page 456, §64.**

We cannot escape the conclusion that the order of the court was impossible of performance in that he was ordered to make two separate payments, one of $20.00 and one of $10.00, June 9, 1934, when the order itself, as appears from the record, was not made until June 11, 1934, and for the further reason that the court was without authority to order the defendant committed to jail in the event of his failure to pay the sum of $60.00 attorney's fees.

Counsel for defendant also object to the introduction of certain testimony relating to the business affairs of defendant and of the mother and brother of defendant for a considerable period prior to the filing of the affidavit and prior to the trial of the case,

Technically some of these questions may not have been proper, but we do not think they constitute prejudicial error. The basic subject matter was proper.

We have considered all of the errors urged by counsel for defendant but with the exception of the two errors above pointed out, find no error in the record which we consider prejudicial to defendant.

The judgment of the lower court will be reversed and the cause remanded for such further proceedings as may be authorized by law.

HORNBECK, PJ, and BARNES, J, concur.